# In the United States Court of Federal Claims

No. 24-2122
(Filed: May 28, 2025)

```
*****************************************
RAMON K. JUSINO,                        *
                                        *
                Plaintiff,              *
                                        *
v.                                      *
                                        *
UNITED STATES,                          *
                                        *
                Defendant.              *
*****************************************
```

## <u>MEMORANDUM OPINION AND ORDER</u>

Ramon K. Jusino, proceeding *pro se*, filed a complaint on December 23, 2024, seeking tax refunds for the 2019 and 2020 tax years. Compl. for Income Tax Refund [ECF 1] ¶ 4. In his complaint, Mr. Jusino alleges that he jointly filed income tax returns with his spouse for 2019 and 2020 and that he realized shortly thereafter that he had mistakenly reported the proceeds from an earlier legal settlement as taxable income. *Id.* ¶¶ 7-8. He further alleges that after filing amended returns, which included legal arguments as to why his settlement proceeds should not be considered taxable income, the Internal Revenue Service ("IRS") advised him that the settlement proceeds were excludable and that he was due a refund. *Id.* ¶¶ 9-10, 16. Mr. Jusino notes, however, that the amount the IRS conceded he was owed did not include a refund of the "Social Security/Medicare tax" that his employer erroneously withheld and that should have been included as part of the settlement proceeds, *id.* ¶ 17, as well as and amounts due in relation to his 2020 amended return, *id.* ¶ 18. Additionally, he alleges that, despite being informed by the IRS that a refund check had been issued, neither he nor his spouse received a refund. *Id.* ¶¶ 24-26. Mr. Jusino claims that he "does not seek a determination from this Court as to whether the income [he] mistakenly reported is indeed excludable" because "[t]he IRS has already conceded that the proceeds . . . are indeed excludable from taxation." *Id.* ¶ 5. Instead, he simply seeks payment of the money "the IRS has already determined that it owes" him. *Id.*

The government filed an answer to the complaint on March 7, 2025. Def.'s Answer to the Compl. [ECF 9]. In its answer, the government acknowledges that Mr. Jusino "does not ask the Court to make a determination about the taxability of certain settlement proceeds [he] received . . . ." *Id.* ¶ 5. The government "avers, however, that this tax refund suit is a *de novo* proceeding, in which the determination by the IRS of a taxpayer's eligibility for a refund, and the reasoning and process followed in reaching that determination, are irrelevant." *Id.* Therefore, the government states that "during this litigation, [it] will investigate whether and to what extent [Mr. Jusino] overpaid (or underpaid) the federal tax liabilities at issue, and if disputes arise in this regard, it may ultimately be necessary for the Court to decide those issues." *Id.* Additionally, the government raises "Failure to Join an Indispensable Party" as a defense, asserting that "[w]hen

spouses jointly file their tax return, each spouse is jointly and severally liable for paying their aggregate income tax in full," and that, therefore, "[b]oth spouses are indispensable parties under Rule 19(a)(1)(B) [of the Rules of the United States Court of Federal Claims ("RCFC")] in a tax refund suit involving a joint return because both must be held to the Court's decision." *Id.* at 6.

On March 24, 2025, Mr. Jusino moved to strike the government's defenses under RCFC 12(f). Notice of Mot. & Mot. to Strike Defenses [ECF 10]. Regarding the government's assertion that a tax refund suit is a *de novo* proceeding, Mr. Jusino argues:

> A de novo review by a federal court of a determination by the IRS Commissioner regarding a tax refund is a right that inures to the Taxpayer. Defendant, on the other hand, has pointed to no legal authority demonstrating that it is empowered to seek to reverse a tax refund determination of the IRS Commissioner that is favorable to a Taxpayer simply because, as in the instant case, the Taxpayer filed suit on the grounds that the IRS claims that the said tax refund payment was issued but the Taxpayer has not, in fact, received it.

[ECF 10-1] at 5-6. With respect to the government's argument that he failed to join his wife as an indispensable party to the lawsuit, Mr. Jusino argues that his spouse is not an indispensable party because she "did not personally contribute to the overpayment which [he] now claims as a refund." *Id.* at 7.

In its response to the motion to strike, the government counters that tax refund suits are *de novo* proceedings. Def.'s Resp. to Pl.'s Mot. to Strike [ECF 11] at 2. It further argues:

> Administrative decisions made by IRS personnel concerning the taxes at issue, including the rationale for such decisions, are irrelevant to the litigation . . . . Administrative decisions do not limit the government's scope of discovery, and they do not limit the scope of the issues that the United States may raise in response to a refund suit.

*Id.* Additionally, the government states that "Mr. Jusino's allegation that one-hundred percent of the alleged overpayment is allocable to him and him alone, by itself, does not exclude the possibility that Ms. Jusino has a competing interest in the overpayment." *Id.* at 5. Rather, the government contends that Mr. Jusino's spouse may have an interest in the overpayments at issue in this case and that it intends to investigate the facts surrounding the jointly filed income tax returns before determining whether a motion to join Mr. Jusino's spouse under RCFC 19(a) is necessary. *Id.* at 4-5.

Under RCFC 12(f)(2), "[t]he court may strike from a pleading an insufficient defense . . . on motion made by a party." Courts generally "'view motions to strike with disfavor and rarely grant them.'" *Hernandez, Kroone & Assocs., Inc. v. United States*, 95 Fed. Cl. 395, 397 (2010) (quoting *Energy Nuclear Fitzpatrick, LLC v. United States*, 93 Fed. Cl. 739, 742 (2010)). Furthermore, "'[i]f sufficiency of the defense depends on disputed issues of fact or questions of

law, a motion to strike should not be granted.'" *Sys. Fuels, Inc. v. United States*, 73 Fed. Cl. 206, 216 (2006) (quoting 2 James Wm. Moore, *Moore's Fed. Practice* § 12.37[4] at 12-100.5 (3d ed. 2006)). "When considering a motion to strike a defense, the court must 'construe the pleadings liberally to give the defendant a full opportunity to support its claims at trial.'" *Entergy Nuclear Fitzpatrick, LLC v. United States*, 93 Fed. Cl. at 742, *aff'd*, 711 F.3d 1382 (Fed. Cir. 2013) (quoting *New York v. Almy Bros., Inc.,* 971 F. Supp. 69, 72 (N.D.N.Y. 1997)).

Here, the government's assertion that the IRS's previous determination—that Mr. Jusino's settlement proceeds are properly excluded from taxation—is irrelevant in the instant tax refund suit is a disputed question of law. Similarly, the government's contention that Mr. Jusino's spouse is an indispensable party who may be required to be joined under RCFC 19(a)(1)(B) is both a disputed issue of fact and disputed question of law. Because these issues are more properly resolved after discovery through dispositive motions or at trial on the merits, the Court is therefore not inclined to strike either portion of the government's answer. *See Sys. Fuels, Inc. v. United States*, 73 Fed. Cl. at 216 (concluding that "at this juncture, prior to trial of the merits, the court has an insufficient context to evaluate the government's proposed defense, and accordingly that defense will not now be ruled invalid as a matter of law"). Accordingly, Mr. Jusino's motion to strike [ECF 10] is **DENIED**.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
Thompson M. Dietz, Judge

3