# In the United States Court of Federal Claims

No. 24-2122
(Filed: October 21, 2026)

| | |
|---|---|
| RAMON K. JUSINO, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| UNITED STATES, | * |
| | * |
| Defendant. | * |

*Ramon K. Jusino*, Staten Island, NY, *pro se*.

*Larry S. Schifano*, U.S. Department of Justice, Tax Division, Washington, DC, counsel for Defendant.

**MEMORANDUM OPINION AND ORDER**

**DIETZ, Judge.**

On December 23, 2024, *pro se* plaintiff, Ramon K. Jusino, filed a complaint seeking an income tax refund. Compl. [ECF 1]. His refund claims relate to "the amendment of joint returns for the tax years 2019 and 2020[,] which [Mr. Jusino] filed with his wife, Ann M. Jusino[.]" *Id.* ¶ 4. Mr. Jusino states that his claims "stem from proceeds of a lawsuit settlement[,] which concerned only [him] and were mistakenly reported by [him] as taxable income[,] . . . [and so he is] the sole plaintiff in this action." *Id.*

In its March 7, 2025, answer, the government argued that Mr. Jusino failed to join his wife as an indispensable party to the tax refund suit. Answer [ECF 9] at 6. According to the government "[w]hen spouses jointly file their tax return, each spouse is jointly and severally liable for paying their aggregate income tax in full." *Id.* (citing 26 U.S.C. § 6013(d)(3)). Therefore, the government contends that "[b]oth spouses are indispensable parties under Rule 19(a)(1)(B) [of the Rules of the United States Court of Federal Claims ("RCFC")] in a tax refund suit involving a joint return because both must be held to the Court's decision." *Id.* (citing *Gorski v. United States*, 94 Fed. Cl. 253, 259 (2010)).

Before the Court is the government's motion to join Ann Jusino as a party to this case pursuant to RCFC 12(b)(7) and 19(a)(2). Def.'s Mot. for Joinder [ECF 30]. The government states that "Mrs. Jusino owns an interest in the income tax refunds at issue because she made a substantial portion of the overpayments alleged in the [c]omplaint[] [and that] Mrs. Jusino's absence impairs her ability to protect these interests." *Id.* at 1. The government further states that

"Mr. Jusino is attempting to represent his wife in this action, which is unlawful because he is not a licensed attorney[] [and that] Mr. Jusino is also incorrectly claiming that Mrs. Jusino's interest in the refunds at issue belongs to him." *Id.* Lastly, the government contends that "Mrs. Jusino's absence may also leave the United States subject to duplicative litigation and 'a substantial risk of incurring . . . inconsistent obligations because of [her] interest.'" *Id.* (quoting RCFC 19(a)(1)(A), 19(a)(1)(B)(ii)).

On April 17, 2026, Mr. Jusino filed a response opposing the government's motion. Pl.'s Opp. [ECF 33].[1] Mr. Jusino contends:

> Ann Jusino is not an indispensable party to this action . . . [because]: (1) she did not contribute to the alleged overpayments in this matter, and therefore has no claim to any refund of the overpayments, (2) she has explicitly stated under oath that she did not contribute to the alleged overpayments in this matter and that she waives any and all claims to any portion of any income tax refund which may result from Plaintiff's claims, and (3) as a matter of law, this action is not a de novo proceeding.

*Id.* at 8-9. Mr. Jusino attached an affidavit signed by Ann Jusino, which states that she does not wish to be a party to this action and that she "explicitly and unconditionally waive[s][] . . . any and all claims to any portion of any income tax refund which may result from [her] husband's claims" and that she "intend[s] that this affirmation may be used as an estoppel by the United States Government to any and all claims which [she] would bring for any portion of any income tax refund which may result from [her] husband's claims[.]" *Id.* at 45.[2]

The government filed a reply on September 14, 2026. Def.'s Reply [ECF 38]. The government states that Mr. Jusino's arguments "misunderstand[] how overpayments and income operate in a joint return." *Id.* at 2. The government argues that "[Mr. Jusino's] and his spouse['s]

---

[1] Mr. Jusino's response was not filed on the docket by the Clerk of Court on April 17, 2026, because it did not comply with the RCFC. *See* [ECF 32]. The response was eventually filed on the docket by leave of the judge on July 13, 2026. *Id.*

[2] Mr. Jusino also argues that, in its motion to join Ann Jusino, the government improperly and unnecessarily "publicly disclosed [his] joint 1040 returns for the 2019 and 2020 tax years in unredacted and unsealed fashion, except for the redaction of social security numbers and the names of minors." [ECF 33] at 16. The government counters that it did not act improperly in this regard. [ECF 38] at 5. The government states: "RCFC 9(m) requires that a copy of the refund claim be attached to the redacted pleading, and only directs that the pleading conform to RCFC 5.2 (which requires the redaction of SSNs and TINs, birth dates, names of minors, and financial account numbers)." *Id.* at 4. Furthermore, the government states that I.R.C. § 6103 "neither requires nor prohibits [the] disclosure of tax returns or related information in tax proceedings[.]" *Id.* at 5 (quoting *AmerGen Energy Co., LLC by & through Exelon Generation Co., LLC v. United States,* 115 Fed. Cl. 132, 142 (2014)). According to the government, this case is "subject to the same rebuttable presumption of public access applicable to other civil proceedings[,] *id.* at 5 (quoting *BMW (US) Holding Corp. and Subsidiaries v. United States*, 2026 WL 2516895, at *2 (Fed. Cl. Aug. 25, 2026)), and Mr. Jusino "has not explained why the presumption of public access should be rebutted here[,]" *id.* at 5. The Court agrees with the government that its attachment of Mr. Jusino's joint returns to its motion was not improper under RCFC 9(m) or I.R.C. § 6103. *See AmerGen Energy Co., LLC by & through Exelon Generation Co., LLC,* 115 Fed. Cl. at 143 ("[A] taxpayer may, in certain circumstances, lose any privacy interest in otherwise confidential tax information that is disclosed in court[.]").

income and tax contributions do not exist independently . . . [and that a] reduction in [Mr. Jusino's] income reduces the couple's overall taxable income, which in turn lowers the couple's overall tax burden[.]" *Id.* Therefore, according to the government, "Mrs. Jusino has an interest in any overpayment proportionate to her tax paid towards the couple's overall tax." *Id.* Regarding Mr. Jusino's claim that his tax refund case is not a *de novo* proceeding, the government contends that "[t]his Court reviews tax refund suits *de novo*, and thus the conclusions, reasoning, and factual findings of the [Internal Revenue Service ('IRS')] are irrelevant in this matter." *Id.* at 3. The government states that Mr. Jusino "also concedes that Mrs. Jusino would be a necessary party if this is a *de novo* proceeding[] . . . and that "[t]his is a tax refund suit, which this court reviews *de novo*." *Id.* (citing *D'Avanzo v. United States*, 54 Fed. Cl. 183, 187 (2002). Regarding Mrs. Jusino's affidavit, the government argues that, "[i]n substance, [it] purports to assign Mrs. Jusino's interest in the claim to [Mr. Jusino,] . . . and that "Mrs. Jusino cannot assign her interest in the claim to [Mr. Jusino] at this stage, so her affidavit violates the Anti-Assignment Act[,]" and, therefore, should be disregarded. *Id.* at 4.

In deciding whether a person must be joined as a party under RCFC 19(a), "the court must determine whether the absent party is 'necessary.'" *United Keetoowah Band of Cherokee Indians of Okla. v. United States*, 480 F.3d 1318, 1324 (Fed. Cir. 2007). Under the rule, a person is deemed "necessary" if:

> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

RCFC 19(a)(1). "If the necessary party has not been joined, the court must order the joinder of the party, so long as the party is subject to service of process and joinder will not deprive the court of subject matter jurisdiction." *Gorski v. United States*, 94 Fed. Cl. 253, 258 (2010) (citing RCFC 19(a)(2)). "If a person has not been joined as required, the court must order that the person be made a party." RCFC 19(a)(2). "A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." *Id.*[3]

The Court finds that Ann Jusino is a necessary party to this case who must be joined by court order pursuant to RCFC 19(a)(2). "[I]n a joint tax return, each spouse's interest in a potential refund is based on his or her proportionate contribution to the alleged overpayment." *Gorski*, 94 Fed. Cl. at 258 (citation omitted); *see also Gens v. United States*, 673 F.2d 366, 368

[3] Under RCFC 19(b), "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Here, because neither party argues that Mrs. Jusino "cannot be joined" under RCFC 19(b), the Court need not consider the issue.

(Ct. Cl. 1982) ("[O]nly the husband's proportionate share of excess withholding could be applied to the tax liability. The wife was entitled to a share of the overpayment equal to the ratio of her contributed withholding to total withholding."). Here, the parties filed joint tax returns in 2019 and 2020. [ECF 1] ¶¶ 3, 7. Further, Ann Jusino has an interest in the subject of the action—a potential refund—because she paid approximately 21% of the tax withholdings in 2019 and approximately 51% in 2020. *See* [ECF 33] at 12 ("On their joint 2019 1040 return, . . . Ann Jusino earned 29.8% of the reported aggregate income and paid 20.6% of the tax withholdings."); *id.* at 13 ("On their joint 2020 1040 return, . . . Ann Jusino earned 50.8% of the reported aggregate income and paid 50.9% of the tax withholdings."). Because Ann Jusino is entitled to a share of any potential overpayment in an amount equal to the ratio of her contributed withholding to total withholding, she has an interest in the subject matter of this case.[4]

Next, proceeding without Ann Jusino as a party may subject the government "to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of [her] interest." RCFC 19(a)(1)(B)(ii). Whether Mr. Jusino prevails in his tax refund claim or not, Ann Jusino, as a non-party, would not be bound by the Court's ruling, and she would not be prevented from bringing a separate action against the United States. *See Gorski*, 94 Fed. Cl. at 258 ("If Plaintiff fails to prevail, [the non-party spouse] would not be bound by that ruling. On the other hand, if Plaintiff prevails, the rules of collateral estoppel and res judicata would not prevent [the non-party spouse] from initiating a separate action against the United States.") (citing *Taylor v. Sturgell,* 553 U.S. 880 (2008)). Thus, if the Court were to dispose of this case without joining Ann Jusino as a party, it may subject the government to duplicative litigation.

Lastly, while Ann Jusino seeks to waive her interest in any tax refund that may result from this case through an affidavit, this is essentially an attempt to assign her interest to Mr. Jusino, the only other potential beneficiary. Such an assignment is not permissible at this stage. *See Gorski*, 94 Fed. Cl. at 259 (prohibiting the non-party spouse from assigning her interest to her spouse as premature under the Anti-Assignment Act). Under the Anti-Assignment Act, an assignment is defined as "a transfer or assignment of any part of a claim against the United States Government or of an interest in the claim; or [] the authorization to receive payment for any part of the claim." 31 U.S.C. § 3727(a)(1)-(2). Further, "[a]n assignment may be made *only after* a claim is allowed, the amount of the claim is decided, and a warrant for payment of the

[4] Mr. Jusino relies on *Gens v. United States*, 673 F.2d 366 (Ct. Cl. 1982) to argue that "while Ann Jusino did indeed contribute to the aggregate joint taxable income, she did not contribute to the actual overpayment which [he] alleges," [ECF 33] at 12, and that, therefore, "this Court can accord complete relief to [him] in her absence[,]" *id.* at 13. In *Gens*, the court determined that although the plaintiff's spouse contributed to the income reported on the couple's joint tax return, she contributed "nothing to the overpayments for which the suit seeks refunds." *Gens*, 673 F.2d at 367. The court explained that because "[t]he source of the overpayments was sums withheld from [the plaintiff's] wages and a cash payment of taxes," also made by the plaintiff, his spouse did not have an interest in the alleged overpayment. *Id.* Therefore, the court held that "[t]he overpayment goes to the [plaintiff, the] maker of the overpayment[.]" *Id.* at 368. Here, unlike in *Gens*, the record shows that Ann Jusino contributed both to the income and to the withholdings for the pertinent tax years. Specifically, the record shows that because the couple filed jointly, the source of the overpayment was not only the mistakenly included proceeds from Mr. Jusino's legal settlement, *see* [ECF 1] ¶¶ 4, 8-10, but also the sums withheld from both of their incomes, *see* [ECF 33] at 12-13. Thus, Ann Jusino has an interest in any potential overpayment.

claim has been issued." *Id.* § 3727(b) (emphasis added). Here, none of these events have yet occurred.[5]

Accordingly, the government's Motion for Joinder of Ann Jusino, [ECF 30], is **GRANTED**. On or before November 23, 2026, Mr. Jusino **SHALL FILE** an amended complaint that joins Ann Jusino as a plaintiff, pursuant to RCFC 19(a). The Government **SHALL FILE** an amended answer within 30 days thereafter.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
Thompson M. Dietz, Judge

[5] Although Mr. Jusino argues that "[t]he Government's motion for joinder should further be denied because [his] lawsuit is not a de novo proceeding," [ECF 33] at 13, "[i]t is well-settled that a tax refund suit in the Court of Federal Claims 'is a *de novo* proceeding[,]'" *Int'l Paper Co. v. United States*, 36 Fed. Cl. 313, 322 (1996) (quoting *Sara Lee Corp. and Subsidiaries v. United States*, 29 Fed. Cl. 330, 334 (1993)). A tax refund suit "is not an appellate review of the administrative decision that was made by the IRS; instead, the Court must make an independent decision as to whether the taxpayer is due a refund." *D'Avanzo v. United States*, 54 Fed. Cl. 183, 186 (2002).